## J. C. RAY v. THE STATE.

### No. 3264.    Decided December 29, 1905.

#### Perjury—Indictment—Variance—Allegation—Proof.

On a trial for perjury, where the indictment charged that defendant had testified before the grand jury that he did not buy intoxicating liquors without the prescription of a physician, and not for sacramental purposes, and the proof showed that defendant testified before the grand jury that he never bought any whisky in Tom Knight's prescription house and did not get any thing at Knight's, August 8, 1903; and there was no testimony that appellant testified anything in regard to buying whisky on prescription or denied having done so, or having bought wine for sacramental purposes, the variance between the proof and the allegation was fatal.

Appeal from the District Court of Smith.    Tried below before Hon. R. W. Simpson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*B. B. Beaïrd, Johnson & Edwards, Marsh & McIlwaine, McCord & Bulloch,* for appellant.—On question of variance: Brown v. State., 48 S. W. Rep., 169; Meeks v. State, 32 Texas Crim. Rep., 420.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment makes several averments constituting perjury. The court limited the jury to the consideration of that allegation in which appellant was charged with having testified before the grand jury he did not buy intoxicating liquors without the prescription of a physician; and not for sacramental purposes. All the other allegations in the indictment were expressly withdrawn from the consideration of the jury by the court. It is contended there is a variance between the allegations in the indictment and the proof offered. Pertinent to this, appellant is shown to have testified before the grand jury that he never bought any whisky in Tom Knight's prescription house, and did not get anything at Knight's on August

8, 1903.   Nowhere in the testimony is it shown that appellant testified anything in regard to buying whisky on prescription, or denied having bought any on prescription, or wine for sacramental purposes. The testimony, as written down by the clerk of the grand jury, was that he did not get whisky at Tom Knight's prescription house.   The court, therefore, authorized the conviction of appellant upon a state of facts not shown to have been testified by appellant before the grand jury, but excluded by the testimony offered by the State.   He did not swear anything in regard to buying whisky on a prescription or wine for sacramental purposes.   He testified one thing before the grand jury, the indictment charged another thing, the court authorized his conviction upon a state of fact that has no predicate in the record.   Without reviewing the facts we are of opinion they are not sufficient to support the conviction: do not support the indictment.

There are several very interesting questions presented for discussion, but, viewing the case as we do, it is not necessary to discuss them. Because of the variance between the allegations and the proof, and because the court submitted a charge authorizing a conviction upon an averment not proved, and because the evidence does not support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*